UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GUNJAN GUPTA,
*individually and derivatively on behalf of*
*MVATION WORLDWIDE, INC.*

                              Plaintiff,

                                                              **MEMORANDUM**
             v.                                               **AND ORDER**
                                                              26-CV-4133-SJB-ST

SANJIV GOYAL, et al.,

                              Defendants.
-----------------------------------------------------------------X
**BULSARA, United States District Judge:**

    Plaintiff Gunjan Gupta ("Gupta") filed this case in state court, seeking *inter alia*,

emergency injunctive relief against Defendants for various alleged corporate abuses.

Defendants promptly removed the case to federal court based on diversity jurisdiction,

claiming that Gupta wrongly pleaded the citizenship of the corporation at the heart of

this dispute.  For the reasons below, Defendants have failed to establish complete

diversity, and the case is remanded to Nassau County Supreme Court.

                FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    Gupta initiated this case in Nassau County Supreme Court on July 6, 2026.

(Compl. dated July 6, 2026, attached to Notice of Removal as Ex. A, Dkt. No. 1-1).  He

brings claims individually and derivatively on behalf of Mvation Worldwide, Inc.

("Mvation") against Sanjiv Goyal ("Goyal"), Amit Goel ("Goel"), and Droisys, Inc.

(collectively, "Defendants"), and also names Mvation as a nominal defendant.  (*Id.* at 1.)

Gupta alleges he is a one-third shareholder of Mvation, as well as its President, Chief

Executive Officer, Chief Financial Officer, and Secretary.  (*Id.* ¶ 1).  He claims Goyal and

Goel—the two other shareholders and directors of the company, who are passive investors—engaged in an "unauthorized takeover" of the company, defamed Gupta, and tortiously interfered with both Gupta and Mvation's business relationships. (*Id.* ¶¶ 1–2 (noting that Defendants purported to terminate Gupta and publicly accused him of theft, seized control of the company's systems and finances, and pocketed company funds)).

With the Complaint, Gupta filed an application for a temporary restraining order ("TRO") and preliminary injunction. (O.S.C. for Prelim. Inj. and TRO dated July 7, 2026, attached to Notice of Removal as Ex. D, Dkt. No. 1-4). Three days after the Complaint was filed, Defendants removed the case to this Court, premised on diversity jurisdiction. (Notice of Removal dated July 9, 2026, Dkt. No. 1 ¶ 5). The next day, Gupta filed a motion asserting that removal was improper, and thus this Court lacks subject matter jurisdiction, but asked the Court to adjudicate the TRO application before considering any motion to remand. (Pl.'s Letter Mot. for Prelim. Inj. and TRO dated July 10, 2026, Dkt. No. 9 at 1). The Court directed the parties to brief the issue of subject matter jurisdiction, (Order dated July 13, 2026), since it cannot adjudicate any matter without it, *see Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 207 (2d Cir. 2024) ("If a federal court lacks jurisdiction, it has no adjudicative power to hear the parties' dispute, and any relief it grants would be void." (quotation omitted)); *e.g., Wilson v. State Farm Fire & Cas. Co.*, 690 F. App'x 48, 49 (2d Cir. 2017) (vacating decision on preliminary injunction for failure to first resolve whether diversity jurisdiction was established). Gupta filed a motion to remand on July 14, 2026, (Pl.'s Mot. to Remand, Dkt. No. 10),

2

and Defendants filed a brief in support of subject matter jurisdiction on July 16, 2026, (Defs.' Letter, Dkt. No. 12).

DISCUSSION

"Before deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter." *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205–06 (2d Cir. 2019). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); *see also Keane v. Banks*, No. 25-CV-5104, 2026 WL 851342, at *1 (S.D.N.Y. Mar. 27, 2026) ("On a motion to remand, the burden of showing complete diversity falls on the party seeking to sustain the removal, not the party seeking remand." (quotation omitted)). Removal of this state court action is premised on diversity jurisdiction, which "requires that the case be between 'citizens of different States,' meaning that there must be complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant." *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *1 (2d Cir. Sep. 15, 2022) (quoting 28 U.S.C. § 1332(a)(1)) (further quotation omitted). The "citizens" upon whom a party grounds jurisdiction "must be real and substantial parties to the controversy," and courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 218 (2d Cir. 2013) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980)).

Both sides agree that, for diversity purposes, Gupta is a citizen of New York, and Defendants Goyal, Goel, and Droisys are all citizens of California or Nevada. (Pl.'s Mot.

3

to Remand at 2; Defs.' Letter at 1).  The parties disagree about whether Mvation is a nominal party, its citizenship, and whether it is properly aligned as a plaintiff or defendant here.

First, the Court concludes that Mvation is not a nominal party, and its citizenship must be considered in evaluating jurisdiction.  "A corporation on whose behalf a derivative suit is maintained is regarded as an indispensable party to the action under the standard set out in Rule 19(b). . . . [I]ts citizenship must be taken into account when federal jurisdiction is predicated on diversity of citizenship."  7C Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 1822 (3d ed. 2026); *cf. Patel v. Singh*, No. 21-CV-0759, 2023 WL 2262792, at *2 (E.D.N.Y. Feb. 28, 2023) (noting the "general rule" that the corporation "is the real party in interest" (quotation omitted)); *Hebei Tiankai Wood & Land Constr. Co. v. Chen*, 348 F. Supp. 3d 198, 203 (E.D.N.Y. 2018) ("Generally, a shareholder has no individual cause of action for a wrong against a corporation.  This results in the corporation being aligned as the plaintiff in litigation brought to remedy harm to a corporation because the corporation is the real party in interest." (citation omitted)).

Gupta asserts Mvation is a necessary party, since he brings seven claims derivatively on its behalf.  (Pl.'s Mot. to Remand at 1).  Defendants offer no argument and this Court sees no basis to depart from the "general rule" that Mvation is a necessary party whose citizenship must be considered.  *Patel*, 2023 WL 2262792, at *2; *e.g., Endico v. Endico*, No. 19-CV-7231, 2023 WL 3386505, at *3 (S.D.N.Y. May 11, 2023) (considering diversity of corporation in shareholder derivative suit).

4

Second, resolving all disputed facts in favor of Gupta, *see Lis v. Lancaster*, No. 19-CV-1414, 2019 WL 2117644, at *6 (S.D.N.Y. Apr. 25, 2019), Mvation is a citizen of New York and California, and so, regardless of whether it is aligned as a plaintiff or defendant, complete diversity is lacking.

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities[,] . . . metaphorically called . . . the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id.* at 96–97. "'Competent proof' means proof of a reasonable probability that diversity jurisdiction is satisfied." *Macklin v. Lexington Ins. Co.*, No. 20-CV-5372, 2020 WL 5796814, at *2 (S.D.N.Y. Sep. 29, 2020).

Both sides agree that Mvation is a citizen of California, where it is incorporated. (Pl.'s Mot. to Remand at 2; Defs.' Letter at 1). Gupta asserts, supported by state records, that Mvation was also incorporated in New York in 2020, and is thus also a citizen of New York. (*See* Pl.'s Mot. to Remand at 2; Decl. of Gunjan Gupta ("Gupta Decl."), attached to Pl.'s Mot. to Remand, Dkt. No. 10-1 ¶ 5; N.Y. Certificate of Incorporation, attached to Gupta Decl. as Ex. 1, Dkt. No. 10-2). Defendants claim, only in arguments by counsel, that the New York entity — by the same name, listing the same address as the one where Gupta works and that is listed as the principal office on statements filed

5

on behalf of the California entity, (*e.g.*, Statements of Information, attached to Defs.' Letter as Ex. A, Dkt. No. 12-2)—is a "different juridical person" that "is not a party to this action," (Defs.' Letter at 1).  That claim is "completely unsupported by any evidence," Defendants do "not make that claim in [their] affidavit," and thus, "it would be pure speculation for the Court to assume" its veracity.  *Lis*, 2019 WL 2117644, at *6. That evidentiary gap is sufficient to determine that Defendants have not met their burden to show diversity.  *See id.* at *5 ("At this stage and in this posture, all disputed questions of fact must be resolved in plaintiff's favor[.]").

But even if that question went Defendants' way, there is another problem.  Gupta claims that Mvation's principal place of business is in New York: Gupta (the President, CEO, and CFO) and Barry Weinstein (the company's Vice President of Sales and only other officer) both work from Mvation's Glen Cove, New York office.  (Gupta Decl. ¶¶ 10–11; *see also* Compl. ¶¶ 5, 10, 15); *e.g.*, *Verificient Techs., Inc. v. Dutta*, No. 24-CV-9487, 2026 WL 480767, at *13 (S.D.N.Y. Feb. 20, 2026) ("Verificient's corporate 'brain' is located in New Jersey.  It is in New Jersey that its only two senior executives perform nearly all of their work annually.").  Gupta avers in his declaration that he "direct[s], control[s], and coordinate[s] all of Mvation's activities" from the New York office, including "oversee[ing] all departments on a day-to-day basis," "manag[ing] all personnel hiring and firing as the ultimate decision maker," and more.  (Gupta Decl. ¶ 10).  In support, Gupta submitted the company's 2024 tax return, which lists that same New York address, (2024 Tax Return, attached to Gupta Decl. as Ex. 4, Dkt. No. 10-5 at 1), and its partnership agreement stating the company is "headquartered in New York,"

6

(2021 Partnership Agreement, attached to Gupta Decl. as Ex. 3, Dkt. No. 10-4).  He also presented a copy of a resolution passed during a 2023 Board of Directors meeting held at the New York office, (2023 Board Resolution, attached to Gupta Decl. as Ex. 6, Dkt. No. 10-7), and vendor checks, rent receipts, and sales orders, all made to or by the New York office as recently as July 1, 2026 to demonstrate its continued operations, (Financial Records, attached to Gupta Decl. as Exs. 7–10, Dkt. Nos. 10-8–10-11). Defendants also submitted the company's Statements of Information filed with the California Secretary of State in 2024 and 2025, which both list Mvation's principal office address as the New York office.  (Statements of Information).

Defendants have not established that the company's principal place of business is located outside of New York.  *See Sullivan v. Duncan*, No. 13-CV-1640, 2015 WL 4393316, at *5 (S.D.N.Y. July 17, 2015) ("Accordingly, the only way Sullivan can prove that the Viacom defendants are not citizens of New York is to affirmatively show that the Certificate contains false information and that Viacom International's principal place of business is located in some state other than New York.").  Defendants dismiss the most recent Statements of Information that list the principal office address in New York by asserting, without any basis or evidentiary support, that Gupta "unlawfully" filed them without Board approval.  (Decl. of Sanjiv Goyal ("Goyal Decl."), attached to Defs.' Letter, Dkt. No. 12-1 ¶ 4).  Such a "bare assertion" that is "wholly unsupported" is "entitled to no weight."  *Sullivan*, 2015 WL 4393316, at *5.  Defendants also submitted a Board resolution terminating Gupta and Weinstein on June 22, 2026, which notably says nothing about the company's principal place of business or any change thereto.  (2026

7

Board Resolution, attached to Goyal Decl. as Ex. B, Dkt. No. 12-3 at 1); *see Lis*, 2019 WL 2117644, at \*6 ("[E]ven if there were evidence that JAL shut down its New York operations once Lis left, it would be legally irrelevant.  The general rule is that a person's citizenship, once acquired, continues unabated until displaced by new citizenship, and that is no less true of corporations than natural persons.").

Separately, Defendants' conclusory statement that the principal place of business is now in California because "the Board exercises full corporate authority" there after closing the New York office, (Goyal Decl. ¶ 7), without identifying any specific location, provides no basis to find a principal place of business in California, *see Hertz*, 559 U.S. at 93 ("A corporation's 'nerve center,' usually its main headquarters, is a single place."); *e.g.*, *JS Barkats PLLC v. Blue Sphere Corp.*, No. 16-CV-8404, 2017 WL 2930935, at \*4 (S.D.N.Y. July 10, 2017) (finding conclusory declaration by corporation's officer insufficient to show where the principal place of business was located since it failed to identify where he or any other officers worked).  In any event, Defendants' assertions about Mvation's principal place of business appear contradictory at best and "attempts at manipulation" at worst.  *Hertz*, 559 U.S. at 97; (*compare, e.g.*, Defs.' Letter at 1 ("[Mvation] is a citizen of California only[.]"), *with* Cease and Desist Letter dated June 30, 2026, attached to Compl. as Ex. 9, Dkt. No. 1-2 at 26 (asserting on behalf of Goyal and Goel—in a letter by their counsel alerting Mvation's customers of an active internal investigation—that Mvation has a principal place of business in Las Vegas, Nevada).

On this evidence, the Court finds that Mvation's "overall direction, control, and coordination" comes from New York, making it a citizen of both California and New

8

York. *Hertz*, 559 U.S. at 96; *e.g.*, *Lugo v. City Winery, LLC*, No. 25-CV-5135, 2026 WL 751225, at *4 (S.D.N.Y. Mar. 17, 2026) (finding the principal place of business where managerial control was asserted, headquarters were located, and central human resources and payroll operations were based, among other factors).  Gupta has provided substantial testimony and records establishing that Mvation is incorporated in New York in addition to California, and that the nerve center of Mvation's operations is in New York, including in July 2026 when this action was initiated.  Defendants' assertions to the contrary are either entirely unsupported by evidence, or factual disputes that must be resolved in Gupta's favor here.  *See Lis*, 2019 WL 2117644, at *5.

Because Mvation is properly considered a citizen of both California and New York, its alignment is irrelevant.  If aligned as a plaintiff, there are California citizens on both sides; if aligned as a defendant, there are New York citizens on both sides of this case.  Either way, complete diversity is lacking.

Accordingly, the matter is remanded.  *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019).

Finally, although Defendants have not carried their burden of demonstrating this Court has jurisdiction, the Court cannot conclude that Defendants had no "objectively reasonable basis for seeking removal," and Gupta is not entitled to attorney's fees.  *See Lis*, 2019 WL 2117644, at *6 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

9

CONCLUSION

For the reasons explained above, this Court lacks subject matter jurisdiction, and

the case is remanded.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:   August 3, 2026
        Central Islip, New York

10